| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

DARRELL G. LEE, SR., §
　　　　　　　　　　　　　§
　　　　　　Plaintiff, §
*versus* § CIVIL ACTION H-05-2753
　　　　　　　　　　　　　§
　　　　　　　　　　　　　§
OFFICER G.G. GREEN, *et al.*, §
　　　　　　　　　　　　　§
　　　　　　Defendants. §

# Opinion on Summary Judgment

1. *Background.*

On July 9, 2003, Officer G.G. Green served a misdemeanor warrant on Darrell G. Lee, Sr., at Lee's home. Lee then was taking a "serious cocktail of medicines" for Human Immunodeficiency Virus. Lee says that Green denied his request to take his prescription drugs with him.

Green took Lee to the Houston jail, and he was later transferred to the Harris County detention center. Although Lee requested assistance from the medical staff, he missed two doses of medication at the city jail and eight days passed before his requests were fulfilled at the detention center.

Lee now sues Green, the Houston Police Department, Barbara Davis, and the Harris County Detention Center.

On July 8, 2005 – one day before the statutory deadline – the court's clerk received by mail Darrell Lee's pro se motion to proceed as a pauper and complaint. On August 8, 2005, the miscellaneous judge granted the motion, and, then, the clerk entered the complaint. Under these facts, the court finds that the complaint relates back to the date that the clerk received it. The lawsuit was filed within the limitations period.

2. *Medical Support.*

On August 25, 2005, the court ordered Lee to furnish a statement from a treating physician that supported his claim. Lee never complied. There is no evidence in the

record that suggests that Lee was materially injured by the eight-day interruption in his pharmacological routine.

3.  *Officer Green and the Police Department.*

Green and the police department waived service and answered the complaint on November 11, 2005. A month later, they moved for summary judgment. They will prevail.

Prisoners receive medically necessary prescriptions through the jail clinic or a hospital. Green could not verify the legitimacy of the medication at Lee's home. Instead, he relied on the jail operating procedures. If these procedures failed Lee, it was through no fault of Green. Green acted reasonably and lawfully in the discharge of his duties.

Lee has failed to state a claim against Green as an agent of the department, or the department individually, for which relief may be granted.

4.  *Bobby Davis and Harris County Detention Center.*

Lee never served Barbara Davis or Harris County, and they never waived service. The time to sue has passed.

5.  *Conclusion.*

Green knew that there were provisions in place to address Lee's medical needs at the jail. He reasonably relied on them. Even if he had not, Lee has furnished no evidence of an injury.

Lee will take nothing from Green, the Houston Police Department, Barbara Davis, or Harris County Detention Center.

Signed January 4, 2006, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge